HERSEY, Judge.
In this appeal from a final judgment of dissolution of marriage we affirm in all respects with one exception. The judgment requires the former wife to exercise her option to purchase the former husband’s one-half share of the marital residence “on or before 10 days after the date of this judgment....” In view of the many factors to be evaluated before making such an important and financially significant decision, particularly in view of the former wife’s incapacity, we hold that a ten day period is patently unreasonable. Further, in view of the passage of time we also find that the determination of fair market value is stale and must be revisited.
Accordingly, on remand, unless the parties agree to a fair market value within a reasonable time, the trial court shall hold an evidentiary hearing and redetermine the fair market value. The former wife shall be given thirty days after fair market value is determined (whether by stipulation or after hearing) in which to purchase the former husband’s one-half interest in the marital residence. Subsequent events shall be governed by the terms of the final judgment.
The one year period of occupancy which the former wife would have enjoyed had she initially failed or refused to exercise her option expires on or about the twentieth day of April 1993. Should the former wife fail or refuse to exercise her renewed option, the trial court may consider whether or not to extend her period of occupancy for a further reasonable time.
The former wife has filed a motion for attorney’s fees “under the Ante-Nuptial Agreement and Florida Statutes.” On remand the trial court shall determine entitlement to such fees and, if entitled, then the amount of a reasonable fee.
With the exception noted we affirm the final judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DELL, J., and DOWNEY, JAMES C„ Senior Judge, concur.